USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/22/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

SIMONE WILLIAMS,

                                 Plaintiff,

      -against-

CITY OF NEW YORK, et al.,

                              Defendants.

[PROPOSED] AMENDED STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER

19-CV-5564 (DLC)

---------------------------------------------------------------- x

      **WHEREAS,** pursuant to Rule 26 of the Federal Rules of Civil Procedure, Defendant City of New York must disclose certain documents and information to plaintiff;

      **WHEREAS,** pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, plaintiff may seek certain documents and information from defendant City pursuant to plaintiffs discovery demands in this action;

      **WHEREAS,** defendant City deems this information and these documents confidential, private and/or subject to a law enforcement and/or governmental privileges and/or other applicable privileges;

      **WHEREAS,** the parties may seek certain documents and information from non-parties to this Action that contain confidential, non-public, proprietary, commercially sensitive, and/or private information of an individual or entity;

      **WHEREAS,** good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

      **WHEREAS,** defendant City objects to the production of certain documents unless appropriate protection for their confidentiality is assured;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for plaintiff and all defendants that documents shall be produced in accordance with the terms set forth below:

1. This "Action" shall mean Simone Williams v. City of New York, et al., 19 Civ. 5564 (DLC), filed in the Southern District of New York.

2. As used herein, without waiving the right to later interpose objections concerning these documents, "Confidential Materials" shall mean:

   (A) New York City Department of Correction ("DOC") employment/personnel and disciplinary-related records, and records of investigations regarding the conduct of Members of Service of the DOC conducted by the DOC, the Investigation Division ("ID"), or other agencies;

   (B) DOC training materials, including, but not limited to documents, directives, operation orders, command level orders and lesson plans;

   (C) Any DOC documents produced as part of municipal liability discovery;

   (D) Any video taken with a DOC issued camera or by a member of DOC;

   (E) Names and addresses of non-party individuals/witnesses who have been identified and/or disclosed by defendant City to the extent such information is within defendant City's possession;

   (F) Any materials by a party or non-party as provided for in this Order, which contain confidential, non-public, proprietary, commercially sensitive, and/or private information of an individual or entity, including information that constitutes confidential financial information of an individual, trade

secrets, confidential financial or business plans and strategies, or other highly sensitive, personal or proprietary information that may cause competitive, commercial or financial injury if disclosed beyond the disclosure permitted by this Order. This applies to any information copied or extracted from such materials, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by the non-parties or their counsel in Court or in any other setting that might reveal such information.

(G) Other documents and information that may in good faith, during the pendency of this litigation, be designated "Confidential Materials" by defendant City, non-parties to this Action, or the Court;

3. The documents and information as defined in Paragraphs 2(A)-(G) shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are: (a) obtained by plaintiff from sources other than defendant City or non-parties producing documents pursuant to Paragraphs 2(F) and 2(G), or (b) are otherwise publicly available.

4. Defendant City shall designate particular documents "Confidential Materials" by labeling such documents "Confidential" and/or by designating such documents by Bates number in a writing directed to plaintiff's counsel.

5. Non-parties producing documents pursuant to Paragraphs 2(F) and 2(G) shall designate particular documents "Confidential Materials" by labeling such documents "Confidential " and/or by designating such documents by Bates number in a writing directed to plaintiff's or defendants' counsel.

6. Defendant City shall have a reasonable time to inspect and designate as

"Confidential Materials" documents sought from third parties except for those documents produced by a non-party pursuant to Paragraphs 2(F) and 2(G) and labeled "Confidential" pursuant to Paragraph 5.

7. Any documents produced by a non-party by request or pursuant to a subpoena in this Action and that are designated as Confidential Materials by defendant City or by a non-party producing documents pursuant to Paragraphs 2(F) and 2(G) shall be governed by the terms of this Amended Stipulation of Confidentiality and Protective Order.

8. Defendant City and any non-party producing documents pursuant to Paragraphs 2(F) and 2(G) reserve the right to designate any document "Confidential" pursuant to this Amended Stipulation of Confidentiality and Protective Order if necessary after production of such documents to Plaintiff.

9. Inadvertent production of any document or information which is privileged, confidential, and/or was prepared in anticipation of litigation, is otherwise immune from discovery, shall not constitute a waiver of any privilege or confidentiality or of another ground for objecting to discovery with respect to that document, or its subject matter, or the information contained therein, or of the disclosing party's or non-party's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

10. If a party objects to the designation of particular documents as "Confidential Materials," that party shall state such objection in writing to the designating party or non-party, and the parties or non-parties shall endeavor in good faith to resolve such an objection. If such an objection cannot be resolved, then, within fifteen (15) days of receiving the response to the objection to the material's classification as confidential, the objecting party shall

seek judicial intervention. Any such materials or information shall remain confidential until the parties or non-parties resolve the objection or there is a resolution of the designation by the Court.

11. Confidential Materials may not be used for any purpose other than for the preparation or presentation of this Matter.

12. The parties shall not disclose the Confidential Materials to any person other than a party, an attorney of record for that party, or any member of the staff of that attorney's office, except under the following conditions:

   a. Disclosure may be made only if necessary to the preparation or presentation of the party's case in this Matter, to those individuals described in the subparagraphs below.

   b. Disclosure before trial may be made only to a party, to an expert who has been retained or specially employed by a party's attorney in anticipation of litigation or preparation for this Matter, to a witness at deposition, or to the Court.

   c. Before any disclosure is made to a person listed in subparagraphs (a) and (b) above (other than to the Court), the disclosing party's attorney shall provide each such person with a copy of this Amended Stipulation of Confidentiality and Protective Order for review, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in

this case.

13. Deposition testimony and exhibits concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Amended Stipulation of Confidentiality and Protective Order.

14. If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be filed under seal, in accordance with the rules of the District Court in which the Matter is filed and/or the Individual Rules of the judge to whom the papers are directed.

15. Where the confidential information is not material to issues addressed in court submissions and Defendant City agrees in writing that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of parties or non-parties, the parties may file redacted documents without further order of the Court.

16. Within 30 days after the termination of this Action, including any appeals, the "Confidential Materials," including all copies, notes, and other materials containing or referring to information derived therefrom (other than the Court's copies of such materials), shall be returned to defendants' or non-party's attorneys or, upon defendants' or non-party's attorneys' consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to defendants' or non-party's attorney; except that plaintiff's counsel shall retain one copy of the Confidential Materials, and any Confidential Materials containing plaintiff's attorney work product, to the extent required to comply with

applicable law or regulation, so long as appropriate and reasonable safeguards (at least as stringent as those used to protect plaintiff's own information of like nature) are imposed to prevent the use of the Confidential Materials for any other purpose. Confidential Materials which were uploaded to a database or review platform, including any backups, and which cannot reasonably be deleted, must be quarantined and secured to prohibit access to the Confidential Materials.

17. Nothing in this Amended Stipulation of Confidentiality and Protective Order shall be construed to limit Defendant City's use of its own Confidential Materials in any manner.

18. This Amended Stipulation of Confidentiality and Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Matter has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by Plaintiff or anyone receiving confidential documents pursuant to paragraph 11 herein, for any purpose without prior Court approval.

19. This Amended Stipulation of Confidentiality and Protective Order supersedes the October 21, 2019 Stipulation of Confidentiality and Protective Order entered in this Action (ECF No. 16), and shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

20. The terms of this Amended Stipulation of Confidentiality and Protective Order shall be binding upon all current and future parties to this Matter and their counsel.

ANDREW B. STOLL
*Attorney for Plaintiff*
Stoll, Glickman & Bellina, LLP
300 Cadman Plaza West, 12th Floor
Brooklyn, New York 11201

JAMES E. JOHNSON
Corporation Counsel of the City of New York
*Attorneys for Defendants City, Spry, and Dockery*
1000 Church Street, Rm. 3-227
New York, New York 10007

By: _____
Andrew B. Stoll

By: _____
Angharad Wilson

**SO ORDERED:**

_____
**HON. DENISE L. COTE**
**UNITED STATES DISTRICT JUDGE**

Dated: _____

So ordered:
/s/ Denise Cote
1/27/20

## EXHIBIT A

The undersigned hereby acknowledges that s/he has read the Amended Stipulation of Confidentiality and Protective Order dated _____ 2020, entered into the Matter entitled <u>Simone Williams v. City of New York</u>, et al., 19 Civ. 5564 (DLC), and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

Date: _____        Signature: _____

Print Name: _____

Occupation: _____